**No. 63612.**—Louis Cohen *v.* United States, protest 232349–K(A) (New York).

DONLON, Judge: The merchandise of this suit is described in the official papers as green beans of Indochina origin, imported through Hong Kong. They were entered July 14, 1952, under paragraph 765 at the modified duty rate of 1½ cents per pound.

Duty was assessed in liquidation at the unmodified paragraph 765 rate of 3 cents per pound. Plaintiff's protest, as amended, claims that the merchandise is properly dutiable at 1½ cents per pound under paragraph 765 of the Tariff Act of 1930, as modified by T.D. 51802 and T.D. 52167, as dried beans, not specially provided for, on the ground that the merchandise was not imported directly or indirectly from a nation or area under Communist domination or control, within the provision of the President's proclamation of August 1, 1951, T.D. 52788.

Plaintiff has had a considerable problem of proof in order to establish that these beans, from a remote area, were the produce of a part of Indochina which, in the early part of the year 1952 when these beans were exported, was not under Communist domination.

By affidavit (in the French language, translated into English), the Saigon director of L'Union Commerciale Indochinoise & Africaine, exporter of the merchandise, has identified this shipment of beans as produce of the municipality of Nha-Bang, district of Tinh-Bien, province of Chan-Doc (so known in 1952, but now merged into a province known as An-Giang), and he states that An-Giang Province is part of Cochin China, included in the territory of South Vietnam.

There is in evidence also a letter, under date of May 15, 1959, signed by W. E. Higman, chief, Division of Classification and Drawbacks in the Bureau of

Customs, Treasury Department, Washington, D.C. Mr. Higman's letter identifies and transmits copy of a letter written to him by Mr. Alfred leS. Jenkins, Deputy Director, Office of South Asian Affairs, in the Department of State. We quote from Mr. Jenkins' letter, as follows:

The commune of Nha-Bang is located in an area in which there was considerable Communist infiltration during the period under consideration. This area was under the general control of the Government of the State of Viet-Nam and the French Union military forces. These forces were not able to prevent Communist night raids on some of the outlying communes (we do not know whether Nha-Bang was raided or temporarily occupied), but they were able to assure the movement of people and goods during daylight, usually under convoy. It thus appears possible that in this way the shipment of mung beans could have been transported by road or river to the port of Saigon during the first half of 1952.

In the light of the above, it is the opinion of the Department of State that the commune of Nha-Bang was not, during the period under consideration, a part of Viet-Nam under Communist domination or control within the terms of the President's letter of August 1, 1951 to the Secretary of the Treasury under his proclamation of that date issued to give effect to Section 5 of the Trade Agreements Extension Act of 1951.

These documents are not such proofs as are acceptable proof of the matters stated. They have, however, convinced defendant that the collector was in error in deciding that the nation or area in which this merchandise originated was Communist dominated. Accordingly, the parties have entered into the following stipulation of facts:

MR. FISCH: I offer to stipulate that the mung beans imported on July 14, 1952, in entry No. 706069 as evidenced by Protest Court No. 232349–K–A originated in the commune or municipality of Nha-Bang, located in the arrondissement of Tinh-Bien, province of Chau-Doc, Viet Nam; that said nation or area was not under communist domination or control within the terms of the President's letter of August 1, 1951, to the Secretary of the Treasury under his Proclamation of that date issued to give effect to sections 5 and 11 of the Trade Agreements Extension Act of 1951.

I ask that the attestation of L'Union Commerciale Indochinoise & Africaine dated December 30, 1958, and the certified translation thereof be accepted in evidence as Plaintiff's Collective Exhibit 1.

MR. SKLAROFF: There is no objection to the exhibit.

JUDGE DONLON: Without objection the exhibits are received in evidence and will be marked.

MR. FISCH: I ask that a letter dated May 15, 1959, from the Treasury Department to the attention of Jerome Fisch, c/o Sharretts, Paley & Carter, and the accompanying attached letter dated April 17, 1959 from Alfred leS. Jenkins, Deputy Director, Office of Southeast Asian Affairs, to a Mr. Higman, enclosure 36785, be received in evidence as Plaintiff's Collective Exhibit 2.

MR. SKLAROFF: No objection to that offer.

JUDGE DONLON: It will be received and marked.

MR. FISCH: I further offer to stipulate that if the foregoing documents had been before the collector at the time of the liquidation and he were asked to pass on same he would have assessed duty on the merchandise as if it had not come from a communist dominated area and assessed duty of 1½ cents per pound under paragraph 765 of the Tariff Act of 1930 as modified by T.D. 51802 and T.D. 52167 as beans, not specially provided for.

MR. SKLAROFF: I have discussed this matter with Mr. J. Geraghty, Deputy Collector at the Customhouse, who reviewed the papers referred to and offered in evidence here today. He did state to me that if the matter were called to his attention now and he were asked to pass on it he would be satisfied that the merchandise was not from a communist dominated country and would not withhold the benefit of treaty reductions.

I therefore agree to the stipulation read by Mr. Fisch.   [R. 14–16.]

On the basis of the facts stipulated, we find that this merchandise originated in territory that was not Communist dominated, and we hold that plaintiff is entitled to the modified duty rate.

The protest is sustained.   Judgment will be entered accordingly.